UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MICHAEL G. LAVEAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-383 |
| | ) | |
| v. | ) | |
| | ) | |
| VEOS, LTD., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a diversity action for breach of contract and specific performance of a settlement agreement.  Defendant is a limited liability company incorporated under the laws of the United Kingdom.  On August 16, 2005, the Clerk entered a default against defendant for failure to plead.  Plaintiff has now filed a motion for the entry of a default judgment, accompanied by a proposed form of judgment.  The motion cannot be granted at this point, on two independent grounds.

First, plaintiff has not alleged proper service of process.  Because the defendant company is incorporated in a foreign country, and was served outside of the United States, service of process is governed by Fed. R. Civ. P. 4(h)(2).  That rule refers back to Fed. R. Civ. P. 4(f), which governs service on individuals in foreign countries.  Rule 4(f) allows service in a variety of methods, including by means allowed by the Hague Convention or the law of the foreign country.  In the present case, plaintiff's affidavit merely avers that process was served upon defendant's registered agent by Federal Express.  Plaintiff has not established that this method is sufficient under Rule 4(f).

Second, the proposed judgment is virtually incomprehensible and is not in proper form for entry. It purports to order "specific performance," but fails to identify any contract or other obligation to be specifically performed.  The proposed judgment also contains a vague reference to intellectual property, which lacks the specificity required for a judgment.

Plaintiff's motion for a default judgment (docket # 10) is therefore DISMISSED WITHOUT PREJUDICE.  Plaintiff shall submit a renewed motion for entry of default judgment, which sets forth with specificity (1) plaintiff's compliance with the service requirements of Rule 4(h)(2), and (2) the relief sought and the grounds therefor.  The motion must identify the subsection of Rule 4 under which service was made and cite authority establishing its propriety.  If the proposed form of judgment seeks a declaration of title in certain intellectual property, it must do so plainly and with specificity.

DONE AND ORDERED this 22nd day of August, 2005.


/s/  Joseph G. Scoville_____
United States Magistrate Judge